## Koller v. Benecassa.

*George B. Balmer* and *Zieber & Snyder*, for plaintiff.
*William A. Witman, Jr.*, for defendant.

MAYS, J., May 5, 1930.—This is a sheriff's interpleader. Claimant's statement averred that he, the plaintiff, derived title to one Peerless coupé, 1924 model, manufacturer's serial No. 300947, motor No. 61462, by purchase. On the trial, claimant offered to show the purchase of said automobile from one Catherine G. Bertolet, and the leasing of it to Peter Pettinato, the execution defendant. This was objected to "as not being included within the pleadings in the case." The objection was overruled and the testimony admitted and an exception noted for the defendant. The other necessary elements were proven, and there being no evidence submitted on behalf of the defendant, the jury was directed to render a verdict in favor of the plaintiff. The defendant obtained a rule for judgment *n. o. v.*, and in support of it has argued that the court erred in permitting the plaintiff to show from whom he purchased the automobile and the leasing thereof to Pettinato, the execution defendant.

It is sufficient to say that a ruling such as this did not deprive the defendant of his opportunity to move to strike out the testimony. Our answer to the defendant's argument in support of his motion may be stated in the words of Judge von Moschzisker in Hoenigman v. Philadelphia R. T. Co., 16 Dist. R. 27, 28: "We see no error in this ruling. But be this as it may, the matter cannot avail the defendant on the rule now before the court."

And now, to wit, May 5, 1930, the rule for judgment *n. o. v.* is discharged.

From Charles K. Derr, Reading, Pa.